02-10-016-CR
















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00016-CR


 

 


 
 
 DAVID WILLIAM
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM
OPINION[1]

----------

          Appellant David William pled guilty
pursuant to a plea bargain to burglary of a habitation.  The trial court placed him on four years’
deferred adjudication community supervision. 
Almost seven months later, the State filed a petition to adjudicate,
alleging several violations, including the commission of a new offense.  Appellant pled “not true” to all
allegations.  After an adjudication
hearing, the trial court found many of the allegations, including that
regarding the commission of a new offense, true.  After a sentencing hearing, the trial court
sentenced Appellant to eight years’ confinement.

          Appellant’s court-appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of
that motion.  In the brief, counsel avers
that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements
of Anders v. California[2] by
presenting a professional evaluation of the record demonstrating why there are
no arguable grounds for relief.[3]  This court afforded Appellant the opportunity
to file a brief on his own behalf, but he did not.

          Once an appellant’s court-appointed
counsel files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders,
we are obligated to undertake an independent examination of the record to see
if there is any arguable ground that may be raised on his behalf.[4]  Only then may we grant counsel’s motion to
withdraw.[5]

          We have carefully reviewed the record
and counsel’s brief.  We agree with
counsel that the appeal is wholly frivolous and without merit.  We find nothing in the record that might
arguably support the appeal.[6]  Consequently, we grant the motion to withdraw
and affirm the trial court’s judgment.

 

 

PER CURIAM

 

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 16, 2010











[1]See Tex. R. App. P. 47.4.





[2]Anders v. California, 386
U.S. 738, 87 S. Ct. 1396 (1967).





[3]See Stafford v. State, 813 S.W.2d 503, 510–11 & n.3
(Tex. Crim. App. 1991).





[4]See id. at 511.





[5]See Penson v. Ohio, 488 U.S. 75, 82–83,
109 S. Ct. 346, 351 (1988).





[6]See Bledsoe v. State, 178
S.W.3d 824, 827 (Tex. Crim. App. 2005).